UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
**JUL 27 2005**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | |
|     Plaintiff, | \* | CIV 04-4130 |
| vs. | \* | |
| | \* | **MEMORANDUM OPINION** |
| ELMER FINK, JR., a/k/a Elmer | \* | **AND ORDER** |
| Eugene Fink, JEANETTE FINK, | \* | |
| BERT GEORGE FINK, ALLIED | \* | |
| COLLECTION, ACCOUNTS | \* | |
| MANAGEMENT, BRISTOL LIVING | \* | |
| TRUST, TRIPLE F LIVING TRUST, and | \* | |
| AURORA COUNTY, a political | \* | |
| subdivision of the State of | \* | |
| South Dakota, | \* | |
|     Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, United States of America, on behalf of the Department of Agriculture, Farm Services Agency f/k/a Farmers Home Administration, (hereafter Plaintiff), filed a complaint seeking foreclosure of real estate mortgages. Doc. 1. Defendant, Bert Fink, answered the complaint. Doc. 11. Defendants, Elmer Fink Jr. and Jeanette Fink, filed a motion to dismiss. Doc. 12. Defendants, Bristol Living Trust and Triple F Living Trust, each filed separate motions to dismiss. Doc. 13, 14. The motion to dismiss filed by Elmer Fink Jr. and Jeanette Fink and the separate motions to dismiss filed by Bristol Living Trust and Triple F Living Trust will be denied for the reasons set forth in this opinion..

## ALLEGATIONS IN COMPLAINT

Plaintiff alleges that it is the owner and holder of promissory notes and real estate mortgages concerning real property located in Aurora County, South Dakota. In Count I of the Complaint, Plaintiff alleges that Defendants Elmer Fink Jr., and Jeanette Fink, as borrowers, are in default of the terms of the notes and mortgages because (a) they failed to make timely payments of principal and interest when the same were due, and/or (b) they permitted junior liens to be placed on the mortgaged property in violation of the terms of the promissory notes.

The promissory notes, which are attached as exhibits to the Complaint, provide that failure to pay any of the debt when due, or the failure to perform any covenant or agreement in the promissory notes, allows the Plaintiff to accelerate the debt. The real estate mortgages, which are

also attached as exhibits to the Complaint, provide that if there is a default in the performance or discharge of the promissory note or mortgage, the Plaintiff may accelerate the note and foreclose the mortgage as provided by law. The Complaint alleges that all of the borrowers' debt restructuring, mediation, and associated administrative appeal rights as provided in 7 C.F.R. Part 1951, subpart S, have been exhausted with regard to the notes addressed in Count I. At the time of the filing of the Complaint, the principal plus interest owing on the notes totaled $54,935.40.

In Count II of the Complaint, Plaintiff seeks a separate money judgment for unpaid principal of $13,637.64 and unpaid interest of $3,293.57 against the borrowers for a loan Plaintiff alleges is delinquent. This loan is a chattel loan which is not cross collateralized by real estate and for which no chattel security remains. The Complaint alleges that all of the borrowers' debt restructuring, mediation, and associated administrative appeal rights as provided in 7 C.F.R. Part 1951, subpart S, have been exhausted with regard to the loan addressed in Count II.

In Count III of the Complaint, Plaintiff seeks to quiet the title of the land in Aurora County which is secured by the mortgages which Plaintiff is attempting to foreclose. Plaintiff alleges that the borrowers have attempted to encumber or cloud the title of this real estate. Plaintiff alleges that the borrowers have recorded with the Aurora Count Register of Deeds a document entitled "Grant Deed," dated January 16, 1986, executed by Defendant Bristol Living Trust and borrowers. A copy of the "Grant Deed" is attached as an exhibit to the Complaint.

Plaintiff further alleges in Count III of the Complaint that the borrowers also filed with the Aurora Count Register of Deeds a document entitled "Bill of Sale" listing Defendant Bristol Living Trust as seller and Defendant Triple F Living Trust as buyer. This "Bill of Sale" was executed by Defendant Elmer Fink, Jr., and Defendant Bert Fink, as co-trustees. A copy of the document is attached to the Complaint as an exhibit.

Plaintiff further alleges in Count III of the Complaint that the borrowers also filed with the Aurora County Register of Deeds a lease between Defendant Triple F Living Trust, designated as Landlord, and Defendant Elmer Fink, Jr., designated as Tenant. A "Correction Lease" was also filed involving the same parties. Copies of both of these documents are attached to the Complaint as exhibits.

Plaintiff alleges that the required FSA approval was neither sought nor given for the

documents addressed in Count III of the Complaint. Plaintiff further alleges that these documents are not valid liens or conveyances, but even if valid, these documents would represent interests junior to the interest of the FSA.

## MOTION TO DISMISS BY DEFENDANTS ELMER FINK, JR., AND JEANNETTE FINK

A district court should not grant a motion to dismiss unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). The complaint is to be construed in the light most favorable to the plaintiff. As a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. *See Coleman*, 40 F.3d at 258.

Defendants Elmer Fink, Jr., and Jeanette Fink raise numerous issues in their pro se motion to dismiss and supporting memorandum. This Court agrees with the Government that none of the Defendants have raised any issues with regard to the third cause of action requesting that the Court quiet title. Furthermore, the Defendants have failed to state any basis for the Court to impose sanctions in this case.

In their motion to dismiss and supporting memorandum, Mr. and Mrs. Fink assert that they are proceeding under FED.R.CIV.P. 12(b)(1), (2), and (6). Mr. and Mrs. Fink, in support of their motion to dismiss, and Plaintiff, in opposing the motion to dismiss, presented numerous documents outside the pleadings. This Court must then determine whether the motion to dismiss must be converted to a motion for summary judgment, and if not, what documents the Court may rely upon in ruling on the motion to dismiss.

FED.R.CIV.P. 12(c) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." However, the Eighth Circuit has stated, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002)(quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107

3

(8th Cir. 1999)). In fact, "'[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003)(quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 491 (2d ed.1990)).

Certain documents may properly be considered in determining a motion to dismiss. For example, in cases involving a contract, contract documents attached as exhibits to the complaint are properly considered when ruling on a motion to dismiss. *Stahl*, 327 F.3d at 700. Also, since district courts may take judicial notice of public records, they may properly consider public records on a motion to dismiss. *Id.; Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-803 (8th Cir. 2002). Furthermore, on a motion to dismiss for lack of jurisdiction, it is appropriate to consider matters outside the pleadings to determine the relevant jurisdictional facts. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

This Court will treat Mr. and Mrs. Fink's motion to dismiss as a motion to dismiss, not as a motion for summary judgment. In addition to the pleadings, the Court will consider contractual documents attached to the pleadings, provisions from the Code of Federal Regulations and other public records provided by the parties, and any documents that present relevant jurisdictional facts. Documents falling outside these categories will not be considered by the Court.

Jurisdictional Issues

Mr. and Mrs. Fink contend that the complaint should be dismissed pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(2). Rule 12(b)(1) refers to lack of jurisdiction over the subject matter and Rule 12(b)(2) refers to lack of jurisdiction over the person. Mr. and Mrs. Fink specifically state, "Plaintiff through its extension FHA or FCS **does not have a foreclosure statute to act under**."(emphasis in original).

The United States and its agencies acting on its behalf can rely on federal law (statutes, regulation, and common law) to enforce the Government's rights against private citizens with whom it has contracted in loan transactions. *See generally, United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979). Even a statute such as 7 U.S.C. § 2001, which was enacted to assist borrowers to continue farming or ranching operations, acknowledges the Government's right to bring a foreclosure action. In addition, the jurisdictional statute properly relied upon by Plaintiff, 28 U.S.C.

4

§ 1345, provides that the district courts shall have original jurisdiction of all civil actions commenced by the United States or its authorized agencies. The claims of lack of jurisdiction are rejected.

Absence of Voluntary Agreement

Mr. and Mrs. Fink contend that the complaint should be dismissed because there was no voluntary agreement to foreclose in the event of a default. They explain, "Elmer Fink Jr. and Jeanette Fink have not voluntarily and with knowledge and intent made an agreement that Plaintiff should have the privilege of owning the notes and mortgages, the privilege of having title to the land, and at the same time have the privilege of receiving payments." However, the law presumes that a party to an agreement read what he was signing and understood its contents. *Farlow v. Chambers*, 21 S.D. 128, 110 N.W. 94 (1907). Elmer Fink, Jr., signed all, and Elmer Fink, Jr., and Jeanette Fink, signed most of the promissory notes and real estate mortgages that are referenced in and attached to the Complaint. After reviewing those documents and viewing the complaint in the light most favorable to the Plaintiff, this Court rejects Mr. and Mrs. Fink's contention that the complaint should be dismissed because there was no voluntary agreement to foreclose in the event of a default.

Injunction in *Colman v. Block* and the Agricultural Credit Act

Mr. and Mrs. Fink contend that the complaint should be dismissed because Plaintiff is prohibited from terminating their living and operating expenses, and prohibited from accelerating their debt and instituting foreclosure proceeding until complying with the requirements set forth in the injunction in *Coleman v. Block*, 562 F.Supp. 1353 (D.N.D. 1983). In the *Coleman* case a class consisting of North Dakota farmers who then held or would hold farmer program loans from the Farmers Home Administration(FmHA) sought injunctive relief against officials of the FmHA. The farmers alleged that the FmHA's farm loan liquidation and foreclosure procedures failed to include loan deferral provisions as required by 7 U.S.C. § 1981a and that the procedures violated due process. The district court held that the class was entitled to preliminary injunctive relief. The district court later granted the motion to expand the class to a nationwide class and extended the preliminary relief to that class. *See Coleman v. Block*, 580 F.Supp. 192 (D.N.D. 1983). After a trial on the merits, the district court issued a permanent injunction. *See Coleman v. Block*, 580 F.Supp. 194 (D.N.D. 1984). The permanent injunction prohibited the FmHA from accelerating the borrowers' loans,

5

foreclosing on borrowers' collateral property, or liquidating the living and operating allowance from sale proceeds of crops and livestock offered as collateral for FmHA loans, unless the FmHA provided 30 days' written notice of the action with reasons for the action, provided a right to an appeal, and provided an opportunity to establish eligibility for loan deferral under 7 U.S.C.1981a. *Coleman v. Block*, 580 F.Supp. 194 at 210-11.

The Government appealed and the farmers cross-appealed from the district court's orders in *Coleman v. Block*. In *Coleman v. Lyng*, 864 F.2d 604 (8th Cir. 1988), the Eighth Circuit Court of Appeals held that the appeal was mooted by the passage of the Agricultural Credit Act of 1987, Pub.L. No. 100-233, 101 Stat. 1568 (1988). The provisions of this legislation were intended to carry out the intent of the *Coleman* district court opinion with regard to the reform of FmHA practices. *Coleman v. Lyng*, 864 F.2d at 608-609 (citing S.Rep. No. 100-230, 100th Cong, 1st Sess. 6 (1987)).

The Agricultural Credit Act required the Secretary of Agriculture to provide notice by certified mail to each borrower who was at least 180 days delinquent in the payment of principal or interest on an FmHA loan. *See* 7 U.S.C. § 1981 *et seq.*. This notice must (1) include a summary of all primary loan service programs, preservation loan service programs, and appeal procedures, including the eligibility criteria, and terms and conditions of such programs and procedures; (2) include a summary of the manner in which the borrower may apply, and be considered, for all such programs, except that the borrower is not required to select among such programs or waive any right in order to be considered for any program carried out by the Secretary of Agriculture; (3) advise the borrower regarding all filing requirements and any deadlines for requesting loan servicing; (4) provide all relevant forms; (5) advise the borrower that a copy of regulations is available on request; and (6) be designed to be readable and understandable by the borrower. P.L. No. 100-233, § 605 (adding § 331D(b) to Subtitle D of the CFRDA).

The Agricultural Credit Act further required that the notice referred to in the preceding paragraph shall be provided before taking any collection action. P.L. No. 100-233, § 605 (adding § 331D(d) to Subtitle D of the CFRDA). Furthermore, the Act prohibited the Secretary from "initiat[ing] any acceleration, foreclosure, or liquidation in connection with any delinquent farmer program loan before the date the Secretary has issued final regulations to carry out the amendments made by this section." P.L. No. 100-233,§ 615(d).The Act also provided benefits for farmers whose

loans had been accelerated between the introduction of Form 1924-26 and the May 7th, 1987 injunction of the District Court in *Coleman*.

Because of the above and other provisions of the Agricultural Credit Act, the Eighth Circuit in *Coleman v. Lyng* concluded that by enacting the Agricultural Credit Act, Congress had required the FmHA to do everything the District Court in *Coleman* had ordered on constitutional grounds. 864 F.2d at 609. The Eighth Circuit in *Coleman v. Lyng*, having determined that the appeals from the district court order no longer presented a live case or controversy, vacated the orders and judgments of the District Court and remanded with directions to dismiss the complaint as moot. 864 F.2d at 612. Accordingly, Plaintiff's Complaint does not violate the *Coleman* injunction as Defendants allege, and this foreclosure action will not be dismissed on that basis.

Mr. and Mrs. Fink also allege that Plaintiff failed to abide by statutory and regulatory requirements in addressing their delinquent loans. They allege that USDA Form RD 1956-1 was not presented to them in a timely fashion to allow them to timely apply for settlement of their indebtedness. They further contend that Plaintiff breached its obligation to help them understand what their options were.

The regulations set forth in 7 C.F.R. Part 1951, subpart S, implement the protections set forth in the Agricultural Credit Act of 1987. Paragraph 12 in Count I of the Complaint, and Paragraph 29 in Count II of the Complaint both allege: "All of the Borrowers' debt restructuring, mediation, and associated administrative appeal rights pursuant to 7 C.F.R. 1951-S have been exhausted." Construing the Complaint in the light most favorable to the Plaintiff, this Court cannot conclude that there was a failure to abide by the requirements of the Agricultural Credit Act of 1987 so as to warrant dismissal of this foreclosure action.

Parity Argument

Mr. and Mrs. Fink contend that "Plaintiff had the duty and obligation to provide parity price on all production from the farm of Elmer Fink, Jr. and Jeanette Fink." They further contend that they assigned a sum certain of $63, 943.76 as a portion from the parity obligation as an "offset to totally satisfy" Plaintiff's claim in this action. These assertions do not provide a basis for dismissal of the Complaint in this action.

7

## MOTIONS TO DISMISS BY DEFENDANTS BRISTOL LIVING TRUST AND TRIPLE F LIVING TRUST

Both the Defendant, Bristol Living Trust, and the Defendant, Triple F Living Trust, assert in their motions to dismiss that the Complaint fails "to state a claim upon which relief can be granted, being uncertified." Both of these Defendants also assert that "the unclean hands doctrine bars and estops any action for cause." Neither of these Defendants presents any argument or authority for these assertions. Because these Defendants have failed to present any argument or authority for their positions, and because the Court has determined that Plaintiff has stated a cause of action for foreclosure proceedings, these motions to dismiss will be denied. Thus,

IT IS ORDERED:

1. That Defendants Elmer Fink, Jr., and Jeanette Fink's Motion to Dismiss (Doc. 12) is denied.

2. That Defendants Elmer Fink, Jr., and Jeanette Fink's Motion for Sanctions (Doc. 12) is denied;

3. That Defendant Bristol Living Trust's Motion to Dismiss (Doc. 13) is denied; and

4. That Defendant Triple F Living Trust's Motion to Dismiss (Doc. 14) is denied.

Dated this 27th day of July, 2005.

BY THE COURT:

/s/ Lawrence Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Shelly Margulies
(SEAL)   DEPUTY

8