**FILED**

DEC 13 2006


CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br><br>ELMER FINK, JR., a/k/a Elmer<br>Eugene Fink, JEANETTE FINK,<br>BERT GEORGE FINK, ALLIED<br>COLLECTION, ACCOUNTS<br>MANAGEMENT, BRISTOL LIVING<br>TRUST, TRIPLE F LIVING TRUST, and<br>AURORA COUNTY, a political<br>subdivision of the State of<br>South Dakota,<br>Defendants. | CIV 04-4130<br><br>**MEMORANDUM OPINION<br>AND ORDER RE: DECLARATORY<br>JUDGMENT MOTION** |

*********************************************

| | |
|---|---|
| ELMER FINK, JR, AND JEANETTE<br>FINK,<br>Counter-Plaintiffs,<br><br>vs.<br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF AGRICULTURE,<br>FARM SERVICE AGENCY f/k/a<br>Farmers Home Administration,<br>Counter-Defendants. | |

*************************************************************

Plaintiff, United States of America, on behalf of the Department of Agriculture, Farm Services Agency f/k/a Farmers Home Administration, filed a complaint seeking foreclosure of real estate mortgages. Doc. 1. Defendants, Elmer Fink Jr. and Jeanette Fink, and Bristol Living Trust and Triple F Living Trust filed motions to dismiss. Doc. 12. After this Court entered its Memorandum Opinion and Order on July 27, 2005, denying the motions to dismiss (Doc. 22), these Defendants filed answers and counterclaims. Doc. 24, 25, 26. Now pending before the Court is Defendants Elmer Fink Jr. and Jeanette Fink's motion entitled "Motion for Declaratory Judgment on Offset Parity Claim, Court Ordered Assignment, and Judgment on Balance of Parity Claim Payment." Doc. 50. For the reasons set forth in this Memorandum Opinion, the motion is dismissed.

In its response to Defendants, Elmer Fink Jr. and Jeanette Fink motion for declaratory judgment, the United States argues that the Finks' counterclaims against the United States does not include a cause of action for declaratory judgment, and the Finks' motion for declaratory judgment, therefore, should be dismissedd. The United States further argues that the Court lacks an independent basis for jurisdiction under the Declaratory Judgment Act, and that the Finks have not established a waiver of sovereign immunity for a claim against the United States.

The Eighth Circuit has explained the doctrine of sovereign immunity as follows:

> It is undisputed that the United States, as a sovereign, cannot be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Harris v. United States*, 841 F.2d 1097, 1100 (Fed.Cir.1988). The consent must be expressed unequivocally and cannot be implied. *Harris*, 841 F.2d at 1100. *See also Murray v. United States*, 686 F.2d 1320, 1325 (8th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). The waiver of sovereign immunity requires consent as to the particular tribunal that is to exercise jurisdiction. *Harris*, 841 F.2d at 1100. Moreover, a substantive basis must exist for the government's liability. *Id*; *see also Mitchell*, 463 U.S. at 216-19, 103 S.Ct. at 2967-69. Courts are not free to extend or restrict waivers of sovereign immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979). The terms of the congressional waiver establish the parameters of the court's subject matter jurisdiction. *See United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *United States v. Sherwood*, 312 U.S. 584, 591-92, 61 S.Ct. 767, 771-72, 85 L.Ed. 1058 (1941).

*Manypenny v. U.S.* 948 F.2d 1057, 1063 (8th Cir.1991).

Sovereign immunity is a jurisdictional doctrine, and the terms of the sovereign's consent to be sued defines the Court's jurisdiction to entertain a suit against the sovereign. *See Brown v. United States*, 151 F.3d 800, 803 (8th Cir. 1998). The Declaratory Judgment Act does not extend the jurisdiction of the federal courts or provide an independent basis for federal jurisdiction. *See Skelly Oil Co v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Victor Foods, Inc., v. Crossroads Economic Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992).

Defendants, Elmer Fink Jr. and Jeanette Fink, in their motion for declaratory judgment, contend that they had a right to administratively establish and that they did so establish a parity claim against the Secretary of Agriculture. They further contend that a representative of the

2

Department of Agriculture is obligated to assign a portion of the parity claim to satisfy the loan obligations referenced in this action and to pay the Finks the balance of the parity claim. Defendants, Elmer Fink Jr. and Jeanette Fink are requesting this Court "to somehow determine how this assignment is done and by whom, but it must be done to then satisfy the loan obligation and require the full return of the secured property and title." Doc. 51. However, nowhere in the counterclaim or in the motion for declaratory judgment and supporting documents have Defendants Elmer Fink Jr. and Jeanette Fink disclosed a Congressional waiver that allows them to sue the United States for the parity claim. Further, the Affidavit of LaDonna Hupp establishes that the Farm Service Agency has not agreed to any assignment. This Court does not have subject matter jurisdiction to proceed with the motion for declaratory judgment and the motion must be dismissed. Accordingly,

IT IS ORDERED that Defendants Elmer Fink, Jr., and Jeanette Fink's Motion for Declaratory Judgment (Doc. 50) is dismissed.

Dated this 12th day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Sharon Knuy
(SEAL)     DEPUTY